# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-07585-MMM (VNKx) | Date | November 13, 2009 |

| | |
|---|---|
| Title | *Beth Friedman v. Medjet Assistance, LLC.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order to Show Cause Why Action Should Not be Remanded for Lack of Subject Matter Jurisdiction.**

On September 11, 2009, plaintiff Beth Friedman filed a complaint against defendant Medjet Assistance, LLC. ("Medjet"). Plaintiff's complaint alleges (1) breach of contract; (2) fraud; (3) false advertising under Business and Professions Code § 17500; (4) bad faith breach of contract; and (5) unfair competition.

On October 19, 2009, defendant removed the action to federal court. Defendant alleges that the amount in controversy exceeds $75,000, and asserts that the matter falls within the court's diversity jurisdiction under 28 U.S.C. § 1332. Defendant alleges that plaintiff is a California citizen. It further alleges that it is a limited liability company organized and existing under the laws of Alabama with its principle place of business in Alabama. Defendant, however, does not allege the citizenship of all of its members.

### A.   Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus*

*v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it, for "removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment. . . ." *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1211 (9th Cir. 1998); see also *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 43 (1998). Under 28 U.S.C. § 1441(a), an action must "be fit for federal adjudication when the removal petition is filed." *Lexecon*, 523 U.S. at 43.

### B.   Standard Governing Diversity Jurisdiction

Federal courts have subject matter jurisdiction over suits between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits treating LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

### C.   Whether Defendant Has Established That the Court Has Removal Jurisdiction Here

The notice of removal states that "Medjet was and is a limited liability company organized and existing under the laws of the State of Alabama with its principle place of business in Birmingham, Alabama."[1] It does not, however, allege the citizenship of the individual members of Medjet Assistance, LLC. As a result, the court is unable to determine whether there is complete diversity of citizenship between plaintiff and defendant.

---

[1] Notice of Removal, ¶ 5.

Accordingly, the court directs the removing defendant to show cause, on or before **Monday, November 23, 2009**, why the court should not remand this action to state court for lack of subject matter jurisdiction. Defendant must demonstrate that there is complete diversity between all of its members and the plaintiff.