JAMES H. TURKEN (SBN 89618)
turkenj@dicksteinshapiro.com
JOHN L. TUELL (SBN 208808)
tuellj@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

Attorneys for Defendant
MEDJET ASSISTANCE, L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BETH FRIEDMAN, an individual,

Plaintiff,

vs.

MEDJET ASSISTANCE, L.L.C., an Alabama corporation, and DOES 1-20,

Defendants.

**Case No: CV09-07585-MMM (VBKx)**
Hon. Margaret M. Morrow

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING ANY MEDICAL OPINIONS REGARDING THE TRANSPORT OF WESLEY FRIEDMAN MADE BY DOCTORS ROTH AND MOSESSO**

Date: November 8, 2010
Time: 10:00 a.m.
Courtroom: 780 (Roybal)

Complaint Filed: September 11, 2009
Trial: January 11, 2011

1

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING ANY MEDICAL OPINIONS REGARDING THE TRANSPORT OF WESLEY FRIEDMAN MADE BY DOCTORS ROTH AND MOSESSO

DOCSLA-61502v1

Defendant Medjet Assistance, L.L.C. ("Medjet") hereby respectfully submits its opposition to Plaintiff Beth Friedman's ("Plaintiff") Motion *In Limine* to Exclude Evidence Regarding any Medical Opinions Regarding the Transport of Wesley Friedman by Drs. Roth and Mosesso, as follows[1]:

## I. INTRODUCTION

As part of her desperate campaign to obscure from the jury the substantial body of evidence that flatly refutes her claims against Medjet, Plaintiff now seeks to exclude all evidence relating to Drs. Roth and Mosesso, the two UPMC physicians whom Medjet consulted before offering to transport Plaintiff's son via commercial airline with a critical care nurse and a medical escort. This time, Plaintiff argues that Drs. Roth and Mosesso should be excluded because (1) they are neither designated experts nor percipient experts; (2) they did not form any opinions based on their personal perception; (3) their opinions are "specialized" knowledge; and (4) the hearsay exception for state of mind has no bearing on Rule 703. As detailed below, each of Plaintiff's arguments misses the mark (and the point). Accordingly, Plaintiff's Motion should be denied.

## II. EVIDENCE RELATING TO DRS. ROTH AND MOSESSO'S INVOLVEMENT AND DR. ROTH'S CONCLUSIONS IS ADMISSIBLE

Drs. Roth and Mosesso each consulted with Wesley's treating physician, Mr. Bruce Hodgson, regarding Wesley's condition and treatment, specifically for purposes of advising Medjet as to whether Wesley required a medivac transport or whether his condition permitted transport by commercial airline. Indeed, as the Court pointed out in its Tentative Order on Medjet's Motion for Summary Judgment, "[John] Gobbels followed the opinion of Medjet's medical consultants (and Wesley's local attending physician) in offering to transport

[1] Most if not all of the issues raised by Plaintiff's Motion were briefed in connection with Medjet's Motion for Summary Judgment and discussed in the Court's Tentative Order thereon.

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING ANY MEDICAL OPINIONS REGARDING THE TRANSPORT OF WESLEY FRIEDMAN MADE BY DOCTORS ROTH AND MOSESSO

DOCSLA-61502v1

Wesley on a commercial aircraft." (Tentative Order, p. 22, n. 76.)

Dr. Roth was the first UPMC doctor to consult with Mr. Hodgson regarding Wesley's condition. Dr. Roth concluded based on his August 5, 2009 consultation with Mr. Hodgson that Wesley would be able to travel commercially with an escort so long as his standing x-rays the following day showed no "deviation from his expected course." (Tentative Order, p. 22.) As the Court also noted, Dr. Roth was not on the call the following day when Mr. Hodgson confirmed to Mr. Gobbels and Dr. Mosesso that, based on his standing x-rays, Wesley "would not require anything other than a commercial flight." *Id.* Finally, the Court noted that Mr. Hodgson's statement, "coupled with Roth's opinion, indicated that commercial transport was appropriate. Gobbels merely implemented the recommendation of the physicians." *Id.*

Simply stated, Dr. Roth's perceptions and conclusions (and related documentation) relating to his consultation with Mr. Hodgson (and Mr. Gobbels) and Wesley's ability to fly commercially are admissible for the same reason Dr. Hodgson's statements are admissible; namely, "because they are offered for the purpose of proving their effect on the listener," Mr. Gobbels. (Tentative Order, p. 10, n. 33.)[2]

As for Dr. Mosesso, it is not clear why Plaintiff is attempting to exclude an "opinion" that Medjet, the Court and even Dr. Mosesso acknowledge never existed. It should be noted, however, that the reason Dr. Mosesso never formed an opinion is that, during their August 7, 2009 consultation, Mr. Hodgson stated (as reflected in numerous records, including Dr. Mosesso's notes) that the Friedman's had decided not to use Medjet's services, thereby obviating the need for Dr. Mosesso to reach or express any conclusion as Wesley's ability to fly

[2] Similarly, the Court already has determined that "the notes made by Gobbels and other Medjet employees regarding their conversations with Hodgson are admissible as business records." (Tentative Order, p. 9, n. 33.) The portions of those notes relating to Drs. Roth and Mosesso's involvement are admissible for the same reason.

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING ANY MEDICAL OPINIONS REGARDING THE TRANSPORT OF WESLEY FRIEDMAN MADE BY DOCTORS ROTH AND MOSESSO

DOCSLA-61502v1

commercially. At the very least, Dr. Mosesso's recollection (and related documentation) of that consultation is admissible, and Plaintiff does not appear to argue otherwise. Plaintiff's Motion should be denied.

## III. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion *In Limine* to Exclude Evidence Regarding any Medical Opinions Regarding the Transport of Wesley Friedman Made by Doctors Roth and Mosesso should be denied.

DATED: October 18, 2010

DICKSTEIN SHAPIRO LLP

By: ______________________
James H. Turken
John L. Tuell
Attorneys for Defendant MEDJET ASSISTANCE, L.L.C.

4

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING ANY MEDICAL OPINIONS REGARDING THE TRANSPORT OF WESLEY FRIEDMAN MADE BY DOCTORS ROTH AND MOSESSO

DOCSLA-61502v1